DENNIS F. COLLINS, RELATOR, v. JOHN S. SAUER, RESPONDENT.

Argued February 17, 1916—Decided June 6th, 1916.

1. Where the proviso of an act is separable from the remainder of the act and such proviso is unconstitutional, the proviso may be exscinded and the rest of the act allowed to stand.
2. A classification of cities on a basis of population is not in contravention of article 4, section 7, paragraph 11 of the constitution of New Jersey.
3. When a meeting of a municipal body is regularly held for the purpose of filling an appointment to an office, the term of the incumbent of which has expired, and no decision is reached at such meeting but an adjournment is had, the adjourned meeting is a continuation of the first, and the election held at such meeting is as of the date of the first meeting.

On *quo warranto* on demurrer to information.

Before Justices PARKER, MINTURN and KALISCH.

For the relator, *John J. Stamler, Frederick J. Faulks* and *Samuel Koestler.*

For the respondent, *John K. English* and *William D. Edwards.*

The opinion of the court was delivered by

KALISCH, J.   The relator filed an information in the nature of a *quo warranto* claiming title to the office of city comptroller of the city of Elizabeth, by virtue of an election by the city council of Elizabeth, on the 5th day of January, 1916, for which office he duly qualified, and charging that John Sauer, the respondent, who was elected city comptroller of the city of Elizabeth by the city council of that city on the 1st day of January, 1910, and re-elected to the same office by the city council for the term of three years, on the 1st day of January, 1913, and whose term of office expired on the 1st

day of January, 1916, and continued until the relator quali-
fied for the same, absolutely refused to surrender the office
to the relator and was an intruder in and a usurper of the
office to which the relator was lawfully elected.   To this in-
formation the respondent filed a demurrer.   The demurrer is
based upon three grounds, two of which directly attack the
title *de jure* of the relator to the office of city comptroller,
and the other challenges the right of the common council to
remove the respondent under the Tenure of Office act of
1911.

The argument made for the respondent assailing the claim
of title of the relator to the office of city comptroller is
builded upon the assertion that the city council had no legal
power to elect a city comptroller, because, under section 2 of
a supplement to the charter of the city of Elizabeth (*Pamph.
L.* 1872, *p.* 1192), the mayor of the city was empowered to
appoint a comptroller, with the advice and consent of the
council, for the term of three years, from the 1st day of Jan-
uary next preceding his appointment, and that the act of
1894 (*Pamph. L., p.* 244), which conferred on the common
council, board of aldermen or the government body of the
city the power to appoint a city comptroller, and the several
acts of 1900 (*Pamph. L., p.* 415) and 1911 (*Pamph. L., ch.*
315, *p.* 679) amendatory of and supplemental to the act of
1894, are unconstitutional.   The general grounds upon which
council for respondent base their contention that these acts
are unconstitutional is, that they are in contravention of
article 4, section 7, paragraph 11 of the constitution of New
Jersey, and that the classification upon a population basis,
adopted by the legislature, does not cure their constitutional
defects, because the classification is illusory.

The precise point urged by counsel for respondent as to
the constitutional defect existing in the act of 1894, is that
it excepts from the operation of the act the treasurer of a
city within the legislative classification, where that officer is
elected by the people.

The act of 1894 was unsuccessfully attacked as to illusory
classification in *Varney* v. *Kramer,* 62 *N. J. L.* 483.

In *Attorney-General* v. *McKelvey,* 78 *N. J. L.* 621, the Court of Errors and Appeals, speaking through Mr. Justice Swayze (on *p.* 626), approves of *Varney* v. *Kramer, supra,* and (on *pp.* 627, 628) says: "Where the governmental apparatus alone is the subject of legislation, population, ordinarily, so fully connotes all the essential considerations that the general subject is, in the absence of palpable evasion, a question for legislative judgment."

The case of *Varney* v. *Kramer, supra,* was a contest involving a city clerkship. The reported case fails to show whether or not the point made now, that the proviso in the act of 1894, excluding the treasurers of cities, who, by the charters of such cities, are elected by popular vote, from the operation of the act, renders the act unconstitutional, was made in that case.

But, even if we were to adopt the view of counsel for respondent that the act was vulnerable to an attack upon it on the ground that it was in violation of the constitutional provision invoked in this case, because of the nature of the proviso relating to the treasurers of cities, it would not have the effect to vitiate the entire act. The proviso is separable from the rest of the act. The proviso may be exscinded and the rest of the act be permitted to stand. *Johnson* v. *State,* 59 *N. J. L.* 535; *Doran* v. *Camden,* 64 *Id.* 666; *Meehan* v. *Excise Commissioners,* 75 *Id.* 557; *Fagan* v. *Payne, Id.* 851; *State* v. *Davis,* 72 *Id.* 345; *Hutches* v. *Hohokus,* 82 *Id.* 140.

Now, what has been said regarding the act of 1894 and its proviso applies equally as well to the act of 1900 and its proviso. The act of 1900 extended the application of the act of 1894 to cities which were not within the classification scheme of that act by including cities which had a population not less than fifty thousand nor more than one hundred and twenty-five thousand inhabitants, and by extending the provisions of the act to additional appointive officials and by making the term of office three years instead of two. The act also amended the proviso of the act of 1894 relating to the city treasurer by excluding from the operation of the act the receiver of taxes and assessments of any city coming

within the classification. As to the act of 1911, chapter 315, the only change effected by it was to raise the minimum of population fixed in the act of 1900 at fifty thousand to fifty-five thousand inhabitants. This left the minimum as fixed originally by the act of 1894.

The act of 1894 having been upheld as constitutional and nothing appearing in the acts of 1900 and 1911 which in any manner changes the legislative scheme of the acts of 1894, the attack made by the respondent upon the constitutionality of the acts of 1900 and 1901 necessarily fails.

It is plain that the general scheme of all these acts is to bring about in municipalities of a certain grade of population uniformity in the government of them and as to how and by whom the officers of their various governmental departments shall be selected. And when legislation is of that general character it cannot be successfully denounced as special legislation regulating the internal affairs of cities. This appears to be the reasoning of Mr. Justice Trenchard in *McCarthy* v. *Queen*, 76 *N. J. L.* 144; affirmed by the Court of Errors and Appeals (at *p.* 828). See, also, *Attorney-General* v. *Mc-Kelvey, supra.*

Another ground upon which the respondent rests his demurrer is, that the act requires that the election of a comptroller shall take place at a regular meeting of the common council before the expiration of the preceding term of the comptroller, and since the relator was not elected by the common council until January 5th, 1916, and his predecessor's term had expired under the act on January 1st, 1916, the action of the common council in that regard was unlawful, and hence the relator's title to the office of comptroller invalid.

There appears to be no merit whatever in this contention. Counsel for the respondent assumes that the term of Sauer expired before the relator was elected, and that the act required that an election be held by the common council at a regular meeting before the expiration of such term. It appears that the common council held a meeting on the 1st day of January, 1916, and tried to elect a comptroller, and,

after taking thirty-two ballots without reaching any result, adjourned the meeting to January 5th, when the relator was elected.

Section 4 of the act of 1905, page 15, makes all appointive offices commence on the 1st day of January of the year, but not at noon, as in case of officers elected by the people. The proviso of section 4 expressly forbids the appointment to office to be made by the governing body to commence after the expiration of the term of any member of such governing body, so that it is clear that the appointment in the present case could only be properly made by the incoming council which organized on the evening of the 1st day of January, 1916, and endeavored to make the appointment, and, not succeeding, adjourned the meeting until January 5th, 1916, which meeting, under *Stiles* v. *City of Lambertville,* 73 *N. J. L.* 90, was a continuation of the regular meeting, and at which session the common council was authorized to do anything that it could have done at the original meeting.

Counsel for respondent further rely on the act of 1911 (*Pamph. L., p.* 679) to sustain the argument advanced, that it is obligatory, under that statute, on the common council, at a regular meeting preceding the expiration of the term of office of the incumbent, to make the appointment of such incumbent's successor, but that does not appear to be the plain purport of the act, for it expressly reserves the right to the governing bodies of such municipalities to make such appointments at the time prescribed by their respective charters; and it further provides "that the term of service of every such officer hereinbefore named holding office in any such city shall end on the appointment and qualification of their successors."

By the charter of the city of Elizabeth, and the several general laws applicable to such municipality, the officers elected and appointed in such city hold office until their successors are chosen and qualify. *Pamph. L.* 1863, *p.* 109; *Pamph. L.* 1872, *p.* 1192; *Pamph. L.* 1901, *p.* 43; *Pamph. L.* 1905, *p.* 680.

Both in legal theory and in fact the term of office of the comptroller did not expire until the relator had been elected and qualified.

What was done by the common council at its regular meeting when it elected the relator comptroller was, in fact, done preceding the expiration of the legal term of the incumbent as contemplated by the statute.

Lastly, it is urged that the respondent is the incumbent of an office from which he cannot be lawfully removed, except for just cause and after a public hearing under the Tenure of Office act. *Pamph. L.* 1911, *p.* 783.

This act was decided to be unconstitutional by this court in *Kudlich* v. *Griffin et al.,* 88 *N. J. L.* 573, which case is controlling here. It may be useful in this connection to point out that by the stipulation of facts in this case, it appears that the comptroller of the city of Elizabeth is a member of a commission elected by the city council, and that the act which respondent invokes for his protection against removal expressly excludes from the benefit of its provisions the members of commissions elected by the common council of a city coming within the legislative classification.

The views which we have expressed lead to the result that the demurrer be overruled and judgment of ouster entered in favor of the relator against the respondent.